UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SARAH NATHREEN NAKANWAGI,

      Plaintiff,

  v.                                            CIVIL ACTION NO.
                                                 23-cv-10532-ADB

THE DOLBEN COMPANY, INC.,
NINETY-THREE REALTY LIMITED
PARTNERSHIP,

      Defendants.

## ORDER

**BURROUGHS, D.J.**

The Defendants, The Dolben Company, Inc. and Ninety-Three Realty Limited Partnership (collectively referred to as "Dolben"), have filed a motion to dismiss ["Mot.", Dkt No. 19] Plaintiff Sarah Nathreen-Nakanwagi's ("Nakanwagi") complaint [Dkt No. 1]. The Court construes this motion as a <u>partial</u> motion to dismiss in which Defendants are seeking to dismiss the claims for injunctive relief, FHA disability discrimination under a failure to accommodate theory, and defamation. After considering the motion and Nakanwagi's opposition ["Opp.", Dkt No. 22], – it is <u>ALLOWED</u> in part and <u>DENIED</u> in part as to those claims. The case shall otherwise proceed.

First, to the extent that complaint seeks an injunction preventing eviction under the current lease, that claim is moot. "A claim for injunctive relief becomes 'moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Roe v. Healey*, 22-1740, 2023 WL 5199870, at *6 (1st Cir. Aug. 14, 2023) (quoting *Am. Civil Liberties Union of Mass. v. U.S. Conf. of Cath. Bishops (ACLU of Mass.)*, 705 F.3d 44, 52 (1st Cir. 2013)). Here, Nakanwagi's possible eviction is no longer a live issue: the current lease

1

allegedly expired on July 31, 2023, Nakanwagi indicated that she did not intend to renew her lease, see Opp. 1 ("[Nakanwagi's] current lease expires on July 31st 2023"), 9 ("Defendants also say how they plan to renew my lease. . . Plaintiff . . . has self-respect enough not to renew her lease with defendants, given how defendants terrorized plaintiff . . . with eviction threats, intimidation, coercion, and abuse."), and she has notified the Court that she has changed her address [Notice of Change of Address, Dkt. No. 24].

Second, the complaint fails to plausibly plead a disability discrimination claim under the Fair Housing Act, 42 U.S.C. §§ 3601-3631, as amended by the Fair Housing Amendments Act ("FHA") based on a failure to accommodate theory. "The FHA prohibits discriminatory housing practices based on a person's 'handicap.'" *Giardiello v. Marcus, Errico, Emmer & Brooks, P.C.*, 261 F. Supp. 3d 86, 95 (D. Mass. 2017). As part of a failure to accommodate claim, Nakanwagi "must show that [s]he requested a particular accommodation that is both reasonable and necessary to allow [her] an equal opportunity to use and enjoy the housing in question." Astralis Condo. Ass'n v. Sec., U.S. Dept. of Hous. and Urb. Dev., 620 F.3d 62, 67 (1st Cir. 2010).

There are no plausibly pleaded allegations that Nakanwagi suffered discrimination because of a disability under the FHA on a failure to accommodate theory because the alleged requested accommodation is neither reasonable nor necessary to allow her equal opportunity to use and enjoyment of her housing. In fact, Nakanwagi focuses her argument primarily upon race or national origin discrimination -- a claim which the Defendants have not currently sought to dismiss. Opp. 8 – 15. Nakanwagi's unadorned argument, Opp. 15-17, and allegations, Compl. ¶ 46, that deduction of monies should have come from a security deposit as a reasonable and necessary accommodation fails to state a claim. There is no plausibly pleaded connection

between the requested accommodation for payment of alleged arrearages through the security deposit, and Nakanwagi's alleged disabilites. Indeed, the claim appears to be a pure economic claim, entirely unrelated to Nakanwagi's disability. *See Summers v. City of Fitchburg*, 325 F. Supp. 3d 203, 210 (D. Mass. 2018) ("Accommodations because of cost or financial hardship are generally not considered to be reasonable or necessary, especially in this case where the purported financial hardship would fall on Plaintiffs…") aff'd, 940 F.3d 133 (1st Cir. 2019); *Brighton Village Nominee Tr. v. Malyshev*, CIV.A. 00-CV-12311-G, 2004 WL 594974, at *7 (D. Mass. Mar. 23, 2004) ("It cannot be said that what the Tenants sought were accommodations of their disabilities. Instead, what they sought, quite simply, was increased economic assistance. Although the Tenants framed their request for increased vouchers as accommodations—they asked HUD to waive its rules, policies, or practices that it would otherwise apply to determine the amount of the vouchers—the requested accommodations find no ready analogy in disability discrimination law, and the Tenants have not cited any case where a court viewed direct financial assistance as an accommodation of a disability. On the contrary, the cases that come closest to addressing this issue squarely reject the theory the Tenants advance here. . . . .While there may be a connection between their finances and the difficulties they face as a result of their disabilities, it cannot fairly be said that the voucher increases they requested would have been a reasonable accommodation of their disabilities."); *Sutton v. Freedom Square Ltd.*, 07-14897, 2008 WL 4601372, at *4 (E.D. Mich. Oct. 15, 2008) (collecting cases and observing "'economic accommodation' cases stand for the general proposition that an accommodation is not 'necessary' to afford a disabled person access to equal housing opportunity when the accommodation sought does not directly ameliorate an effect of the disability. In other words, the FHAA does not necessarily require defendants to waive generally applicable policies when such

policies negatively affect disabled individuals for reasons unrelated to their disability."), aff'd sub nom. *Sutton v. Piper*, 344 Fed. Appx. 101 (6th Cir. 2009)(unpublished); *Rayburn v. City of Phoenix Hous. Dept.*, 06-CV-1590-PHX-SRB, 2008 WL 8871872, at *6 (D. Ariz. Apr. 29, 2008) ("The concept of a reasonable accommodation is quite basic: people with disabilities may have special needs. Simply being disabled does not entitle one to an accommodation that bears absolutely no relation to one's disabilities."). Here, notwithstanding the legality or illegality of applying a security deposit to arrearages, there is no plausibly pleaded connection between the request for applying a security deposit to such arrearages and Nakanwagi's alleged disabilities. Absent such a connection, the complaint fails to state an FHA claim based upon a failure to accommodate. Accordingly, the motion to dismiss as to disability discrimination claims based upon a failure to accommodate theory under the FHA is <u>ALLOWED.</u>

      Finally, Defendants' motion to dismiss Nakanwagi's claim for defamation is DENIED. "To prevail on a claim for defamation, a plaintiff must establish that (1) the defendant published a defamatory statement of and concerning the plaintiff; (2) the statement was a false statement of fact (as opposed to opinion); (3) the defendant was at fault for making the statement, and any privilege that may have attached to the statement was abused; and (4) the plaintiff suffered damages as a result, or the statement was of the type that is actionable without proof of economic loss." *Lawless v. Estrella*, 160 N.E.3d 1253, 1257 (Mass. App. 2020). According to Nakanwagi, the purported defamatory statement was a Dolben employee sending the notice of quit to the Executive Office of Housing and Economic Development. Compl. ¶ 56. "The publication element of defamation requires that the defendant communicate the defamatory statement to a third party." *White v. Blue Cross and Blue Shield of Massachusetts, Inc.*, 809 N.E.2d 1034, 1036 (Mass. 2004). Defendants assert that notwithstanding the allegation, they did not provide the

notice to quit to the EOHED. Mot. 6. At the motion to dismiss stage, the well pleaded allegations of the complaint control. Those allegations are thin, and if the statement was not in fact published to a third party, the claim will ultimately fail at summary judgment. Nevertheless, the motion to dismiss the defamation claim is <u>DENIED</u> given the low threshold for viability at the motion to dismiss stage.

**So Ordered.**

DATE: October 3, 2023                          /s/ Allison D. Burroughs
                                                      **UNITED STATES DISTRICT JUDGE**