UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SARAH NATHREEN NAKANWAGI | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 23-cv-10532-ADB |
| THE DOLBEN COMPANY, INC., | * | |
| NINETY-THREE REALTY LIMITED | * | |
| PARTNERSHIP, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Currently before the Court is Ninety-Three Realty Limited Partnership and The Dolben

Company Inc.'s (collectively, the "Defendants" or "Dolben") unopposed motion for summary

judgment.[1]  [ECF No. 43].  For the reasons set forth below, Dolben's motion is **GRANTED**.

---

[1] After Defendants filed the instant motion for summary judgment on November 11, 2024, Plaintiff requested an extension of time to file dispositive motions by December 22, 2024, which the Court granted.  [ECF Nos. 45, 46].  After Plaintiff failed to meet this new deadline, on December 27, 2024, the Court ordered Plaintiff to show cause, in writing, by January 6, 2025, as to why it should not grant Defendants' motion for summary judgment.  [ECF No. 47].  Plaintiff failed to comply with the order and, as a result, the Court considers Defendants' motion as unopposed.  Perez-Cordero v. Wal-Mart Puerto Rico, 440 F.3d 531, 534 (1st Cir. 2006) ("Normally, we will not disturb a district court's decision to consider a summary judgment motion unopposed because a party has missed the deadline for filing an opposition.").

Pro-se Plaintiff Sarah Nathreen Nakanwagi ("Plaintiff" or "Nakanwagi"), a black woman originally from Uganda, resided in Waltham Overlook Apartments ("Waltham Overlook"), which was managed by Dolben, from approximately July 16, 2021, until July 23, 2023.[2] [ECF No. 44 at 3]; [ECF No. 44-4 ("Zilic Affidavit" or "Zilic Aff.") ¶ 4]. Nakanwagi was a Section 8 tenant with a housing voucher that made the Boston Housing Authority ("BHA") responsible for paying her monthly rent of $1,950. [Shapiro Aff. ¶¶ 3–5]; [ECF No. 44 at 3].

On approximately September 19, 2022, Anita Zilic ("Zilic"), Dolben's property manager, began communicating with Nakanwagi regarding an arrearage on her rental account. [ECF No. 44 at 3]; [Zilic Aff. ¶ 6]. Zilic explained that the outstanding amount of $74.10 was the cost of a renter's insurance policy and that Nakanwagi's account would be cleared if she provided a current renter's insurance policy. [ECF No. 44 at 3–4]. Nakanwagi requested that the amount be deducted from her security deposit, but Zilic refused. [Zilic Aff. ¶ 7]; [ECF No. 44 at 3].

On February 22, 2023, Dolben sent Nakanwagi a thirty-day notice to quit for non-payment of rent (the "Notice") in the amount of $74.10, even though the BHA had paid Nakanwagi's rent in full. [Zilic Aff. ¶ 8]. A month after sending the Notice, on March 20, 2023,

---

[2] Local Rule 56.1 requires that motions for summary judgment "include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation." D. Mass. Local Rule 56.1 (2020). Although Dolben did not strictly adhere to this requirement, see [ECF No. 44], Defendants' factual recitation is concise and draws primarily from two affidavits, [id. at 2-4]. On this record the Court is satisfied that the usual dangers of non-compliance, such as overwhelming courts with an expansive factual record without any indication of which facts are material and undisputed, are not present here and will proceed. See Calvi v. Knox Cnty., 470 F.3d 422, 427 (1st Cir. 2006) ("[L]ocal rules [such as Rule 56.1] are useful devices for focusing a district court's attention on what is—and what is not—genuinely controverted" and "have the capacity to dispel the smokescreen behind which litigants with marginal or unwinnable cases often seek to hide."); Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 931 (1st Cir. 1983) ("A district court might deal with the problems of the sprawling record by ordering the party moving for summary judgment to provide a list of undisputed facts, buttressed by appropriate record citations, that would entitle the moving party to summary judgment.").

Zilic and Dolben's Vice President of Property Management, Brian Shapiro, met with Nakanwagi and informed her that Dolben would not proceed with the eviction.  [ECF No. 44-5 ("Shapiro Affidavit" or "Shapiro Aff.") ¶ 8]; [ECF No. 44 at 4].  Nakanwagi continued to reside at Waltham Overlook until she moved out in July 2023.  [Shapiro Aff. ¶ 8]; [ECF No. 44 at 4].

In issuing the Notice, Nakanwagi alleges that Dolben sought to evict her because of her race, gender, disability, ethnicity, and national origin.  [ECF No. 44 at 4].  As a result of the Court's prior orders, including on a motion to dismiss, [ECF No. 25], and a partial summary judgment motion, [ECF No. 40], Nakanwagi's remaining claims are:  (1) race and national origin discrimination under Title VI of the 1964 Civil Rights Act (42 U.S.C. § 2000d); (2) race and national origin discrimination under the Fair Housing Act ("FHA") (42 U.S.C. § 3601 et seq.); (3) violations of the Equal Protection Clause of the Fourteenth Amendment; (4) violations under federal civil-rights laws (42 U.S.C. §§ 1981–82 and 1985); and violations of state law statutes including (5) violation of Mass. Gen. Laws ch. 93A, §§ 2, 9; (6) Mass. Gen. Laws ch. 151B, § 4(6)(b), and (7) Mass. Gen. Laws ch. 12, § 11I.

Summary judgment is appropriate where the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is material if its resolution might affect the outcome of the case under the controlling law."  Cochran v. Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003).  "A genuine issue exists as to such a fact if there is evidence from which a reasonable trier could decide the fact either way."  Id.  When reviewing the record, the Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor."  Id.  The First Circuit has noted that this standard "is favorable to the nonmoving party, but it does not give [her] a free pass to trial."  Hannon v. Beard, 645 F.3d

45, 48 (1st Cir. 2011). "The factual conflicts upon which [s]he relies must be both genuine and material," Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 397 (1st Cir. 2012), and the Court may discount "conclusory allegations, improbable inferences, and unsupported speculation," Cochran, 328 F.3d at 6 (quoting Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

Based on the record before it, including affidavits, the Court finds no evidence from which a reasonable jury could infer that by sending out the Notice, Dolben discriminated against Nakanwagi based on her race, gender, or national origin. Nakanwagi's Title VI and FHA claims require a showing that Dolben acted with discriminatory intent, and, because there is no evidence from which to deduce such intent, the Court need not go further. Goodman v. Bowdoin Coll., 380 F.3d 33, 43 (1st Cir. 2004) (explaining standard for international discrimination under Title VI); Batista v. Cooperativa De Vivienda Jardines De San Ignacio, 776 F.3d 38, 43 (1st Cir. 2015) (summary judgment on a FHA disparate treatment claim is warranted "if the plaintiff cannot produce either (a) direct evidence of discriminatory intent or (b) indirect evidence creating an inference of discriminatory intent." (quoting Gallagher v. Magner, 619 F.3d 823, 831 (8th Cir.2010))). For the same reason, Nakanwagi's allegations also fail under the various civil rights statutes. Nawrocki v. Wilson, No. 10-cv-304, 2010 WL 3853229, at *3 (D.N.H. Sept. 28, 2010) ("A cause of action based upon section 1982 [prohibiting racial discrimination related to property rights] requires an intentional act of racial discrimination" (quoting Vaughner v. Pulito, 804 F.2d 873, 877 (5th Cir.1986))); Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 346–47 (1st Cir. 1995) (same regarding § 1981, which makes it unlawful to racially discriminate in the making and enforcing of contracts); id. at 349 (to succeed on a Section 1985 conspiracy claim a plaintiff must show "competent evidence that "'some racial, or perhaps otherwise class-

based, invidiously discriminatory animus'" motivated the alleged conspirators." (quoting <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263 (1993) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102, (1971)))).

Nakanwagi's claim that Dolben's conduct violated the Equal Protection Clause of the Fourteenth Amendment is equally unavailing because she has not alleged a Section 1983 violation, "the mechanism through which a plaintiff can bring direct constitutional claims." <u>Nakanwagi v. Exec. Off. of Trial Ct.</u>, No. 23-cv-10533, 2024 WL 38749, at *4 (D. Mass. Jan. 3, 2024).

Nakanwagi's state law claims also cannot survive summary judgment. Massachusetts General Law ch. 151B, § 4(6)(b), which prohibits discrimination in the "terms, conditions, or privileges of the sale or rental of housing or the provision of services in connection therewith," requires a showing of discriminatory intent, which, again, a reasonable jury could not deduce from the record before this Court. Nakanwagi's alleged violation of Chapter 93A, §§ 2, 9, which make it unlawful for businesses to engage in "unfair or deceptive acts or practices," similarly falls short because Nakanwagi has offered no evidence that sending out the Notice constituted such prohibited behavior. <u>See generally</u> [ECF No. 1]. Because Nakanwagi's allegations do not rise to the level of a federal or state right violation, her claim under the Massachusetts Civil Rights Act ("MCRA"), Chapter 12, § 11I, also does not carry the day.[3] <u>Farrah v. Gondella</u>, 725

---

[3] To the extent Plaintiff asserts an equal protection claim under the Fourteenth Amendment, her efforts fail because she has offered no facts from which a jury could infer that "compared with others similarly situated, [she] was selectively treated . . . based on impermissible considerations such as race [or] religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." <u>Freeman v. Town of Hudson</u>, 714 F.3d 29, 38 (1st Cir. 2013) (quoting <u>Rubinovitz v. Rogato</u>, 60 F.3d 906, 909-10 (1st Cir. 1995)).

F. Supp. 2d 238, 247 (D. Mass. 2010) (the MCRA "creates no substantive rights."); <u>Matthews v. Vargas</u>, 254 F. App'x 1, 4 (1st Cir. 2007).

Accordingly, Dolben's motion for summary judgment, [ECF No. 43], is **<u>GRANTED</u>**.

**SO ORDERED.**

January 22, 2025                                    _/s/ Allison D. Burroughs_
                                                   ALLISON D. BURROUGHS